PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* ANGEL OLIVO-RUIZ, Defendant and Appellant.

No. 3305. Argued January 26, 1928.—Decided March 6, 1928.

*Adolfo Dones* for the appellant. *José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The appellant was convicted of running an automobile without a license. The complaint alone is attacked on appeal. We copy it as follows:

"That on March 20, 1927, at 5.30 p.m., in the ward of San Patricio of Río Piedras, P. R., which forms part of the Judicial District of San Juan, P. R., the said Angel Olivo Ruiz, then and there, illegally, maliciously and willfully, violated the provisions of the 'Act to regulate the operation of motor vehicles on the public roads of Porto Rico,' in that while he was driving Ford automobile No. 7725, belonging to him, without having been authorized by the Department of the Interior to engage in driving such motor vehicles on the public roads of Porto Rico, that is, without having a badge or license issued to that effect by said Department, this defendant while driving said vehicle had an accident in which a boy, Santiago Díaz

Sánchez, 13 years of age, suffered injuries in the left leg and the fracture of the right leg. An act contrary to law."

There is nothing in the record to show that the complaint was challenged in the court below on the ground of duplicity. Therefore, the averments of having hurt a child even if stating a separate offence cannot be taken advantage of on appeal. However, the words objected to are mere surplusage or in aggravation of the offence.

Similarly we find no insufficiency in the averment that the defendant was operating without a license from the Department of the Interior instead of mentioning the Commissioner, the person named in the law who must issue licenses. The defendant had notice that he was charged with having operated an automobile without a license from the Commissioner when the department under him was mentioned. We may take judicial notice that there is a special department for issuing licenses.

The other error alleged is more serious and entails the reversal of the judgment. The statute forbids the operation on the public roads of Porto Rico without a license. The defendant was not charged with operating an automobile on a public road. The complaint only said that he was operating an automobile in Río Piedras without a license. *Non constat* that he was operating a car on a private road or within his own property. In opposition to the contention of the *Fiscal* the words of the complaint "violated the law driving an automobile without having been authorized to engage in driving such motor vehicles on the public roads of Porto Rico" shed no light. They only say that the defendant had no license. They do not help to locate the defendant on any public road. Generally when a defendant is charged with having committed an offence on a public road and being on a public road is one of the essential elements of the offence the information or the complaint should attempt to describe the locality. A defendant could

never be sure otherwise whether he was present or absent or whether he was the person who committed the offence at the particular spot.

Even though great formality is not required in a complaint, the essential elements of the offence must be stated. Where a complaint neither follows the words of the statute nor sets up the locality, it cannot be sustained.

The judgment must be reversed and the defendant discharged.

Mr. Justice Texidor took no part in the decision of this case.